UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK     X

DIANE YATAURO, JUDITH A. JACOBS,
KEVAN ABRAHAMS, ROBERT
TROIANO, JR., JUDI BOSWORTH,
WAYNE H. WINK, JR. and DAVID
DENENBERG, individually, as duly
registered voters of the County of Nassau,
and in their capacity as members of the
Nassau County Legislature,

                          Plaintiffs,               11-CV-3079
                                              (SJF) (AKT)
      -against-

                                                **OPINION & ORDER**

EDWARD P. MANGANO, in his official
capacity as Nassau County Executive;

PETER J. SCHMITT, JOHN J. CIOTTI,
DENISE FORD, FRANCIS X. BECKER, JR.,
HOWARD J. KOPEL, VINCENT T.
MUSCARELLA, RICHARD J. NICOLELLO,
NORMA L. GONSALVES, JOSEPH V.
BELESI, DENNIS DUNNE, SR., and ROSE
MARIE WALKER, individually and in their
capacity as members of the Nassau County
Legislature;

WILLIAM J. MULLER, in his capacity as
Clerk of the Nassau County Legislature;

NASSAU COUNTY LEGISLATURE;
COUNTY OF NASSAU; and

WILLIAM T. BIAMONTE and LOUIS G.
SAVINETTI, as the commissioners
constituting the Nassau County Board of
Elections,

                          Defendants.
_____X

FEUERSTEIN, J.

On or about May 10, 2011, plaintiffs Diane Yatauro, Judith A. Jacobs, Kevan Abrahams, Robert Troiano, Jr., Judi Bosworth, Wayne H. Wink, Jr. and David Denenberg (collectively, "plaintiffs"), individually, as duly registered voters of the County of Nassau, and in their capacity as members of the Nassau County Legislature, commenced a combined special proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules and action pursuant to Sections 3001 and 6301 of the New York Civil Practice Law and Rules ("the state court proceeding") in the Supreme Court of the State of New York, County of Nassau ("the state court") against defendants Edward P. Mangano ("Mangano"), in his official capacity as Nassau County Executive; Peter J. Schmitt, John J. Ciotti, Denise Ford, Francis X. Becker, Jr., Howard J. Kopel, Vincent T. Muscarella, Richard J. Nicolello, Norma L. Gonsalves, Joseph V. Belesi, Dennis Dunne, Sr., and Rose Marie Walker, individually and in their capacity as members of the Nassau County Legislature; and William J. Muller ("Muller"), in his capacity as Clerk of the Nassau County Legislature (collectively, "defendants"), seeking, *inter alia*, declaratory, injunctive and equitable relief relating to the proposed adoption of a plan to redistrict the nineteen (19) legislative districts of Nassau County based upon data from the 2010 Census prior to, and for use in, the 2011 general election ("the Redistricting Plan"). Thereafter, plaintiffs, *inter alia*, sought leave to amend their initial pleading to add as defendants the Nassau County Legislature, the County of Nassau and William T. Biamonte and Louis G. Savinetti, as the commissioners constituting the Nassau County Board of Elections ("NCBOE"), and to incorporate additional facts occurring between May 11, 2011 and May 24, 2011, i.e., the adoption of the proposed Redistricting Plan and Mangano's act of signing it into law (Local Law 3-2011). By order dated June 15, 2011, the state court (Jaeger, J.) granted plaintiffs' motion for

leave to amend; deemed plaintiffs' Second Amended Petition-Complaint ("SAP") dated May 24, 2011 to be served as of the date of that order; and directed defendants to serve and file answers to the SAP by June 27, 2011. On June 27, 2011, the County of Nassau filed a notice of removal pursuant to 28 U.S.C. § 1446(a), removing the state court proceeding to this Court on the basis of this Court's federal question jurisdiction under 28 U.S.C. § 1331. On June 30, 2011, plaintiffs filed an order to show cause seeking, *inter alia*, remand of this action pursuant to 28 U.S.C. § 1447(c) on an expedited basis, i.e., prior to the deadline for the filing of designating petitions for the upcoming general election of the Nassau County Legislature, as well as costs and expenses incurred as a result of defendants' removal of the action to this Court.

For the reasons set forth below, this action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[1]

II.  DISCUSSION

Pursuant to the removal statute, 28 U.S.C. § 1441(a), a civil action filed in state court may only be removed by the defendant to federal court if the district court has original subject matter jurisdiction over the plaintiff's claim. See Montefiore Medical Center v. Teamsters Local 272, ___ F.3d ___, 2011 WL 1498823, at * 3 (2d Cir. Apr. 21, 2011); Lupo v. Human Affairs International, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Federal district courts are "courts of limited jurisdiction," Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611,

---

[1] Since it is clear that this Court lacks subject matter jurisdiction over this action and there is a need to expedite this matter so that the state court can timely address the merits of the action, I decline to sign plaintiffs' order to show cause or consider the arguments raised therein since it would only delay the remand of this matter to the state court.

2616-2617, 162 L.Ed.2d 502 (2005), and only have original subject matter jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and cases between citizens of different states, see 28 U.S.C. § 1332. Removal jurisdiction must be "strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, 124 (2d Cir. 2007).

The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See Montefiore Medical Center, ___ F.3d ___, 2011 WL 1498823, at * 3; California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). "In determining whether jurisdiction is proper, [courts] look only to the jurisdictional facts alleged in the Notice[] of Removal." In re MTBE Products Liability Litigation, 488 F.3d at 124. "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broadcasting, Inc., 550 F.Supp.2d 481, 486 (S.D.N.Y. 2008) ("[A] federal court has an independent duty to determine that it has subject matter jurisdiction and may raise the issue *sua sponte*."); Citibank, N.A. v. Swiatkoski, 395 F.Supp.2d 5, 10 (E.D.N.Y. 2005) (holding that the Court has authority to remand an action *sua sponte* where it is "unmistakably clear" that it lacks subject matter jurisdiction).

Defendants base removal of this action solely on this Court's federal question jurisdiction, alleging, in essence, that plaintiffs' reference to the United States Constitution in the

3

SAP states a claim arising under federal law within the meaning of 28 U.S.C. § 1331. "[T]he propriety of the removal in this case, thus, turns on whether the case falls within the original 'federal question' jurisdiction of the federal courts." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

A. Federal Question Jurisdiction

The "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. See, Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Pursuant to the "well-pleaded complaint" rule,

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, * * * must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose."

Id. at 10, 103 S.Ct. 2841 (citing Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed.2d 1218 [1914]); see also Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010) ("For the purpose of determining whether a district court has federal question jurisdiction * * *, the jurisdictional inquiry depends entirely upon the allegations in the complaint and asks whether the claim as stated in the complaint arises under the Constitution or laws of the United States." (internal quotations and citation omitted)). "After examining only those allegations which are properly raised in a well-pleaded complaint, the court must then determine whether the *substance of those allegations* raises a federal question." D'Alessio v.

New York Stock Exchange, Inc., 258 F.3d 93, 100 (2d Cir. 2001) (emphasis in original) (internal quotations, alterations and citations omitted).

Plaintiffs challenge defendants' "develop[ment] [of] the proposed redistricting plans for use in the 2011 general election based upon the 2010 Census data [as being] in clear violation of the County Government Law of Nassau County ("Nassau County Charter") and [as being] in total disregard of their obligations set forth therein as well as the laws and Constitution of the State of New York and the United States Constitution." (SAP, ¶ 1). Plaintiffs also allege that "[t]he Nassau County Legislature, in adopting a redistricting plan for use in the 2011 general election proceeded without, or in excess of, their authority to redistrict the nineteen (19) legislative districts of the County of Nassau based upon the 2010 Census data." (Id.) Plaintiffs seek, *inter alia*: (1) (a) judgment declaring that the adoption, implementation and/or enforcement of the Redistricting Plan for use in the 2011 general election "is null and void as * * * not [having been] done in full compliance with Sections 113 and 114 of the Nassau County Charter," (SAP, ¶ 160), and (b) an injunction enjoining (i) Muller from certifying Local Law 3-2011, (ii) Mangano from approving and signing Local Law 3-2011 and (iii) the NCBOE from implementing the Redistricting Plan for use in the 2011 general election after Local Law 3-2011 has been approved and signed by Mangano, until the Nassau County Legislature establishes "a bipartisan temporary districting advisory commission, its members and chairperson [are] appointed, and * * * said Commission transmits its recommendations and any and all plans for dividing the county into districts to the Legislature," (SAP, ¶¶ 161-163), (first cause of action); (2) a writ of mandamus compelling defendants "to adopt a plan and map for the redistricting of the nineteen (19) legislative districts of Nassau County only in accordance with the procedure set

5

forth in the Nassau County Charter, to wit, Sections 113 and 114, and to withdraw the 2011 Redistricting Plan before it is certified by [Muller] and/or approved and signed into law by [Mangano]," (SAP, ¶ 189), (second cause of action); (3) (a) judgment declaring that the Nassau County Legislature "was without authority to adopt the 2011 Redistricting Plan * * * until [it] complies with the requirements of Sections 113 and 114 of the Nassau County Charter, (SAP, ¶ 198), and (b) a writ of prohibition enjoining (i) Muller from certifying Local Law 3-2011, (ii) Mangano from approving and signing Local Law 3-2011 and (iii) the NCBOE from implementing the Redistricting Plan for use in the 2011 general election, "until the [Nassau County] Legislature complies with the requirements of Sections 113 and 114 of the Nassau County Charter," (SAP, ¶¶ 199-201), (third cause of action); and (4) (a) a writ of mandamus reviewing the internal methodology used in developing the Redistricting Plan for use in the 2011 general election to determine that defendants' acts and conduct were "arbitrary and capricious and an abuse of discretion," (SAP, ¶ 210), (b) judgment declaring that the internal methodology used in developing the Redistricting Plan for use in the 2011 general election "is arbitrary and capricious and an abuse of discretion and violates the constitutional precepts governing redistricting," (SAP, ¶ 211), and (c) judgment declaring that defendants' adoption of the Redistricting Plan based upon the arbitrary and capricious internal methodology * * * used to develop such redistricting plan is unlawful, void and of no force and effect," (SAP, ¶ 212), (fourth cause of action).

Although plaintiffs refer to the United States Constitution in their SAP, their claims clearly arise under state law and the substance of their allegations do not raise any substantial federal question. "[T]he mere presence of a federal issue in a state cause of action does not

automatically confer federal-question jurisdiction," Merrell Dow, 478 U.S. at 813, 106 S.Ct. 3229; see also In re MTBE Litigation, 488 F.3d at 135, unless "the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd., 463 U.S. at 9, 103 S.Ct. 2841. Plaintiffs' claims are not created by federal law, do not require the construction of any federal law and do not present any substantial federal question. Accordingly, plaintiffs' claims do not arise under federal law for purposes of federal question jurisdiction under 28 U.S.C. § 1331.

Nonetheless, even assuming, *arguendo*, that plaintiffs' reference to the United States Constitution in their SAP is sufficient to state a claim arising under federal law, any such claim is insufficient to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. "[W]here the complaint * * * is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions * * * must entertain the suit." Bell v. Hood, 327 U.S. 678, 681-82, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946). "The two exceptions occur 'where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" Carlson v. Principal Financial Group, 320 F.3d 301, 306 (2d Cir. 2003) (quoting Bell, 327 U.S. at 682-83, 66 S.Ct. 773); see also Southern New England Telephone, 624 F.3d at 132. "Thus, in order to sustain federal jurisdiction, the complaint must allege a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous." Carlson, 320 F.3d at 306. "The inadequacy of a federal claim is ground for dismissal for lack of subject-matter jurisdiction *only* when the claim is *so* insubstantial, implausible,

foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." Southern New England Telephone, 624 F.3d at 133 (quoting In re Stock Exchanges Options Trading Antitrust Litigation, 317 F.3d 134, 150 (2d Cir. 2003)) (emphasis in original). To the extent plaintiffs' mere reference to the United States Constitution in the SAP states a claim arising under federal law, such claim is "so insubstantial * * * as not to involve a federal controversy," Southern New England Telephone, 624 F.3d at 133 (emphasis omitted), particularly absent any indication of a specific federal constitutional violation, and, thus, is insufficient to invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331.

Since this Court clearly does not have original subject matter jurisdiction over this action, the action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c).

III. CONCLUSION

This action is *sua sponte* remanded to the Supreme Court of the State of New York, County of Nassau. The Clerk of the Court is directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, County of Nassau.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 1, 2011
    Central Islip, New York